IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY HERRICK SIMON                                                PLAINTIFF

V.                         CASE NO. 5:16-CV-5185

FORMER SHERIFF KELLY CRADDUCK;
TRANSPORT DEPUTY GARRET; and
NURSE TYRANNY RAY                                                 DEFENDANTS

OPINION AND ORDER

This is a civil rights action filed by the Plaintiff Jeremy Herrick Simon pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Varner Unit of the Arkansas Department of Correction (ADC).

The case is currently before me on the partial motion to dismiss (Doc. 11) filed by Nurse Tyranny Ray. Specifically, Nurse Ray seeks dismissal of the official capacity claim against her. Plaintiff has not responded to the motion.

I. BACKGROUND

According to the allegations of the complaint (Doc. 1), on March 11, 2016, Plaintiff suddenly lost vision in his left eye. Five hours later, he was taken to the emergency room. The emergency room doctor consulted with the on call ophthalmologist and instructions were given to the transporting deputy, Deputy Garrett, that Plaintiff should be taken to Vold Vision the following Monday.

Plaintiff alleges Defendants did not take him to Vold Vision for ten days. He indicates he is still blind in his left eye.

Plaintiff sued the Defendants in both their individual and official capacities. He seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.*, at 594. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," (*Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 556 (2007)) or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III. DISCUSSION

Nurse Ray maintains that she is entitled to the dismissal of the official capacity claims because Plaintiff has not alleged facts sufficient to assert a plausible claim that an official institutional policy or custom reflected deliberate indifference to his serious medical

needs. Nurse Ray is employed by Southern Health Partners, Inc., the contract medical care provider for Benton County.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. He has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009)(quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). He has not pointed to a "'deliberate choice of a guiding principle or procedure made by the [institutional] official who has final authority regarding such matters.'" *Id.*

Further, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id.* at 634 (internal quotation marks and citation omitted). Plaintiff has simply not asserted facts sufficient to

state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.

## IV. CONCLUSION

The partial motion to dismiss (Doc. 11) filed by Defendant Nurse Ray is **GRANTED**. The official capacity claims against Nurse Ray are **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6).

**IT IS SO ORDERED** on this 25th day of January, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE